UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY AND HENRY H. HEUMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WOODSTREAM CORPORATION,<br><br>Defendant. | CASE NO. 7:19-CV-08294-KMK-JCM<br><br>Honorable Kenneth M. Karas<br><br>**MEMO ENDORSED** |

**DEFENDANT WOODSTREAM CORPORATION'S MOTION TO SEAL DOCUMENTS FILED IN CONNECTION WITH ITS OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to this Court's ECF Rules & Instructions, Individual Rules of Practice, and Standing Order, Defendant Woodstream Corporation ("Woodstream") respectfully moves for an order granting leave to file certain portions of its Opposition to Plaintiffs' Motion for Class Certification, accompanying declarations, and exhibits under seal, because they contain confidential and sensitive information, similar to material that this Court previously found suitable to seal. *See* Dkt. 101.

1

## MEMORANDUM

On June 25, 2024, Plaintiffs Henry Heumann and Gregory Maroney filed a motion for class certification. Dkt. 95. In connection with its concurrently filed Opposition to Plaintiffs' Motion for Class Certification, Woodstream files the instant motion for leave to file under seal portions of its brief and supporting evidence containing confidential information. Specifically, for the reasons set forth in this memorandum, Woodstream asks the Court to permanently maintain under seal: (1) redacted portions of its opposition brief that reference or quote from Woodstream's confidential documents; (2) redacted portions of the declarations of Brent Hardy and Ashley Brown in Support of Woodstream's Opposition to Class Certification, containing confidential information; (3) confidential Exhibits A-E to the Declaration of Brent Hardy in support of Woodstream's Opposition to Class Certification; and (4) confidential Exhibit K to the Declaration of Ashley Brown in support of Woodstream's Opposition to Class Certification. *See* Declaration of Ashley Brown in support of Woodstream's Motion to Seal ("Brown Sealing Decl.") at ¶¶3-6. These documents contain similar information to documents this Court previously found suitable to maintain under seal. *See* Dkt. 101.

**I.   DOCUMENTS AND INFORMATION TO BE SEALED**

The documents and information containing confidential information that Woodstream requests this Court maintain under seal are:

1. Redacted Portions of Woodstream's Opposition to Class Certification, which reference or quote from Woodstream's confidential documents. Brown Sealing Decl. ¶6.

2. Redacted Portions of Brent Hardy's Declaration in Support of Woodstream's Opposition to Class Certification, describing confidential research studies and business information regarding Woodstream's PestChaser products. *Id*. ¶3.

3. Exhibits A-E to Brent Hardy's Declaration in Support of Woodstream's Opposition to Class Certification, which contain confidential research studies regarding Woodstream's PestChaser products. *Id*. ¶4.

2

4. Redacted Portions of Ashley Brown's Declaration in Support of Woodstream's Opposition to Class Certification, discussing confidential financial information, internal company operations, and confidential marketing and sales strategy. *Id*. ¶3.

5. Exhibit K to Ashley Brown's Declaration in Support of Woodstream's Opposition to Class Certification, containing the results of a confidential and proprietary consumer study. *Id*. ¶5.

## II.  LEGAL STANDARD

A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper. *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2021 WL 776701, at *1 (N.D.N.Y. Mar. 1, 2021) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law public right of access to "judicial documents." *AngioDynamics*, 2021 WL 776701, at *1 ("Before any such common law right can attach . . . a court must first conclude that the documents at issue are indeed 'judicial documents.'") (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). First, to constitute a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *AngioDynamics*, 2021 WL 776701, at *1 (citing *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995)). Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption." *Id*. (citing *Lugosch*, 435 F.3d at 119). Third, the court must balance any "competing considerations" against the weight of the presumption of access. *Id*. (citing *Lugosch*, 435 F.3d at 120). Such countervailing factors include "the privacy interests of those resisting disclosure." *Id.* And when weighing privacy interests, courts should assess the "nature and degree of injury," paying heed to "the sensitivity of the information and the subject" but also to "how the person seeking access intends to use the information." *Id*. (citing *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1051 (2d Cir.

1995) (explaining that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts").

### III. WOODSTREAM'S CONFIDENTIAL BUSINESS INFORMATION SHOULD REMAIN UNDER SEAL

Woodstream acknowledges that the documents at issue here are "judicial documents," *see Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, 2023 WL 4304688, at *2 (S.D.N.Y. June 30, 2023), and "[t]he common law and the First Amendment accord a presumption of public access to judicial documents," *Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 990073, at *1 (S.D.N.Y. Mar. 6, 2024) (citing *Lugosch*, 435 F.3d at 124). For the reasons explained below, however, there is good cause to depart from the presumption of public access as to these specific, limited materials because public release of the information Woodstream seeks to seal may result in definite and serious injury to Woodstream.

Woodstream's request comports with Second Circuit law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch*, 435 F.3d at 119. In balancing the weight of the presumption of access against competing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (citation omitted). Moreover, the interest in protecting "business information that might harm a litigant's competitive standing" may be sufficient to "defeat the common law presumption." *Id.* (citation omitted).

Applying these factors, the Court should permit the requested sealing:

***First***, the extent of sealing sought is narrowly tailored, as Woodstream seeks to seal only a handful of documents and limited discussions within declarations from company executives discussing confidential and sensitive material and exhibits. Woodstream has narrowly tailored its redactions in its class certification opposition to instances that directly cite to or rely on declarations or exhibits containing its confidential and sensitive information. Brown Sealing Decl. ¶¶ 3-6; *see Nielson*, 2024 WL 990073, at *2 ("A sealing request is 'narrowly tailored' when it seeks to seal *only* that information that must be sealed to preserve higher values [including the protection of competitively sensitive business information]."); *Standard Inv. Chartered*, 2008 WL 199537, at *16 (permitting narrow redactions of protected information in motion papers because redaction is a "practical, narrowly tailored strategy for balancing the interest in public access and the interest of one or both parties in the confidentiality of sensitive information").

***Second***, the material Woodstream seeks to protect contains confidential and sensitive business information that is proper to seal. Brown Decl. ¶¶3-6 (explaining that the documents and information at issue are treated as confidential by Woodstream); *see AngioDynamics,* 2021 WL 776701, at *4 ("[C]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard given the important privacy interests at stake.") (internal quotations omitted). Allowing Woodstream's confidential business information, including non-public research and product testing information (portions of Hardy Decl.; Exs. A-E), non-public sales information (Brown Decl.), and non-public business strategy information (portions of Brown Decl.; Ex. K) "could allow competitors an unfair advantage, and thus would be highly prejudicial" to Woodstream. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021); Brown Decl. ¶¶3-6.

In fact, Courts routinely seal product design and testing information like that discussed by Mr. Hardy in the redacted portions of his declaration and contained within Exhibits A-E. *See Grayson v. Gen. Elec Co.*, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (noting that information "related to the design" of a product is "the type of information that is generally kept confidential and outweighs the presumption of public access due to its importance to competition in the relevant field"); *id.* at *4 (granting motion to seal "exhibits contain[ing] specific confidential information regarding product design, testing and evaluation"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal portion of briefing "which references confidential and sensitive business information, including. . . product testing").

Courts also routinely seal confidential pricing and sales information like that discussed in the redacted portions of Ashley Brown's declaration. *See, e.g.*, *Valassis Commc'ns., Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (finding that "[d]isclosure of the specifics of [a party's active business units'] pricing, costs, revenue, and profit information could result in significant harm to [the party] without providing much value in the monitoring of the federal courts); *Grayson*, 2017 WL 923907, at *3 (finding that disclosure of documents reflecting "the amount of [product] sold relates directly to confidential information about pricing and profit, and disclosure thereof could cause defendant competitive harm"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting requests to seal and redact documents containing "highly confidential sales information, including pricing information") (citation omitted).

Additionally, courts routinely seal documents and information disclosing marketing and business development strategy, also discussed in the redacted portions of Ashley Brown's declaration and contained within Exhibit K. *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, 2016

WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (finding that disclosure of "documents relating to marketing and business development activities as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests" risked a competitive injury "sufficiently serious to warrant protection"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (finding that "material concerning the defendants' marketing strategies" contain "highly proprietary material" and therefore may remain under seal).

***Finally***, although the material to be redacted is relevant to Woodstream's defenses in this case, Woodstream seeks to prevent disclosure of a narrow set of documents that contain its confidential business information and, with respect to Plaintiffs' brief, seeks redaction of "[o]nly passages that specifically refer to the protected information" and thus the remaining factors should be accorded minimal weight. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 ("[W]holesale publication of motion papers is not required if the papers quote from or contain references to confidential information").

In sum, Woodstream's legitimate privacy interests in protecting its confidential business information at issue in this case outweigh any presumption of access. *See, e.g.*, *Simon Prop. Grp., L.P. v. U.S. Bank Nat'l Ass'n*, 2022 WL 2718455, at *5 (S.D.N.Y. July 13, 2022) (finding that Defendant's "request to seal [certain] information is narrowly tailored to protect competitive business information and that the sensitivity of this information outweighs the presumption of access to these documents"); *Uni-Sys. LLC v. U.S. Tennis Ass'n*, 2017 WL 5135603, at *1 (E.D.N.Y. Nov. 3, 2017). Woodstream therefore respectfully requests that the Court permit the redaction and sealing of the information identified above, consistent with its previous order in this case. *See* Dkt. 101.

DATED:  August 23, 2024                    Respectfully submitted,

                                                */s/ Robyn E Bladow*
                                                Robyn E. Bladow
                                                KIRKLAND & ELLIS LLP
                                                555 South Flower Street
                                                Los Angeles, CA 90071
                                                Telephone:  (213) 680-8400
                                                Facsimile:  (213) 680-8500
                                                Email:        robyn.bladow@kirkland.com

                                                Savannah L. Jensen
                                                Jake A. Feiler
                                                KIRKLAND & ELLIS LLP
                                                2049 Century Park East, Suite 3700
                                                Los Angeles, CA 90067
                                                Telephone:  (310) 552-4200
                                                Facsimile:  (310) 552-5900
                                                Email:        savannah.jensen@kirkland.com
                                                Email:        jake.feiler@kirkland.com

                                                Jay P. Lefkowitz
                                                KIRKLAND & ELLIS LLP
                                                601 Lexington Avenue
                                                New York, NY 10022
                                                Telephone:  (212) 446-4833
                                                Facsimile:  (212) 446-6460
                                                Email:        lefkowitz@kirkland.com

                                                *Attorneys for Defendant Woodstream Corporation*

---

Defendant's unopposed Motion to Seal is granted.  As discussed by Defendant, the documents which it seeks to seal fall "into categories commonly sealed" such as "those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information."  *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999); *see also Henessey Food Consulting LLC v. Prinova Sols., LLC*, No. 20-CV-0806, 2024 WL 4291312 (N.D.N.Y. Sept. 24, 2024) (same). The Clerk of Court is respectfully directed to close the pending motion (Dkt. No. 103.)  SO ORDERED.

*[signature]*

3/12/2025

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY AND HENRY H. HEUMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WOODSTREAM CORPORATION,<br><br>Defendant. | CASE NO. 7:19-CV-08294-KMK<br><br>Honorable Kenneth M. Karas |

**DECLARATION OF ASHLEY BROWN IN SUPPORT OF WOODSTREAM CORPORATION'S MOTION TO SEAL DOCUMENTS FILED IN CONNECTION WITH ITS OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Ashley Brown, declare as follows:

1. I am the Vice President of Rodent Control at Woodstream Corporation ("Woodstream"), where among other responsibilities, I oversee the Victor brand including the PestChaser product line. In my capacity as Vice President of Rodent Control, I am involved in many aspects of our business regarding the Victor brand, including sales, distribution, pricing, marketing, promotions, and packaging for the PestChaser product line. I submit this Declaration in support of Woodstream's Motion to Seal Documents Filed in Connection with its Opposition to Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts set forth in this declaration and could testify competently to them under oath, if asked to do so.

2. I was asked to review Woodstream's class certification opposition papers and accompanying declarations and exhibits and explain whether the memorandum, declarations, and exhibits contain information that Woodstream guards as confidential.

1

3. The Declarations of Ashley Brown (myself) and Brent Hardy in Support of Woodstream's Opposition to Class Certification both discuss commercially sensitive topics regarding Woodstream's PestChaser products including, marketing strategy, sales figures and data, the research supporting the design of our products. This type of information is proprietary to Woodstream and Woodstream would face harm from its competitors if it were publicly released, since competitors would gain advantage from having access to commentary by Woodstream's executives regarding these commercially sensitive topics.

4. Exhibits A-E contain confidential research and studies of Woodstream's PestChaser products. These studies inform Woodstream's product development and design and are treated and maintained by Woodstream as confidential. In particular, Woodstream guards its product research and efficacy studies from its competitors, given that its product design is different from other ultrasonic pest repellant devices offered by competitors.

5. Exhibit K is a confidential consumer survey used to inform marketing, sales, and business strategy regarding Woodstream's products. It is meant for internal purposes to gauge user experience with the products and provide insight into opportunities for product improvement, branding, and brand messaging. This sort of strategy document is treated and maintained confidential at Woodstream and would not be shared publicly.

6. To the extent Woodstream's Opposition to Plaintiffs' Motion for Class Certification references or relies on the information described in paragraphs 3-5 of this declaration, the information is likewise treated and maintained as confidential at Woodstream and should not be shared publicly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22 day of August 2024, in Lancaster, Pennsylvania.

_____
Ashley Brown

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY AND HENRY H. HEUMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WOODSTREAM CORPORATION,<br><br>Defendant. | CASE NO. 7:19-CV-08294-KMK-JCM<br><br>Honorable Kenneth M. Karas |

**[PROPOSED] ORDER GRANTING DEFENDANT WOODSTREAM CORPORATION'S MOTION TO SEAL DOCUMENTS FILED IN CONNECTION WITH ITS OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# [PROPOSED] ORDER

Pending before the Court is Defendant Woodstream Corporation's ("Woodstream) Motion to Seal Documents Filed in Connection with its Opposition to Plaintiffs' Motion for Class Certification ("Motion to Seal"). Having reviewed Woodstream's Motion to Seal, accompanying memorandum and the Declaration of Ashley Brown submitted in support of the Motion, and good cause appearing, the Court **GRANTS** the Motion to Seal. Accordingly, the Court Orders that the following documents shall be maintained under seal:

1. Redacted Portions of Woodstream's Opposition to Class Certification.

2. Redacted Portions of Brent Hardy's Declaration in Support of Woodstream's Opposition to Class Certification.

3. Exhibits A-E to Brent Hardy's Declaration in Support of Woodstream's Opposition to Class Certification.

4. Redacted Portions of Ashley Brown's Declaration in Support of Woodstream's Opposition to Class Certification.

5. Exhibit K to Ashley Brown's Declaration in Support of Woodstream's Opposition to Class Certification.

**IT IS SO ORDERED.**

DATED: _____

                                         Honorable Kenneth M. Karas
                                         United States District Judge