UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY AND HENRY H. HEUMANN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>WOODSTREAM CORPORATION, a Pennsylvania corporation,<br><br>  Defendant. | Civil No. 7:19-cv-08294-(KMK)(JCM)<br><br><br>District Judge Kenneth M. Karas<br>Courtroom 521<br><br>Magistrate Judge Judith C. McCarthy<br>Courtroom 521 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR APPROVAL OF CLASS NOTICE**

Plaintiffs Gregory Maroney and Henry H. Heumann respectfully submit the following unopposed motion seeking approval of the proposed class notice plan.

I.   INTRODUCTION

With Defendant Woodstream Corporation's agreement,[1] Plaintiffs propose a notice plan consisting of: (1) publication through progressive digital media; (2) email notice to all identified class members with valid email addresses; (3) direct mail notice via USPS first-class mail to class members without valid email addresses or whose emails prove undeliverable; and (4) a long-form notice, available online, providing more detailed information. As described below, the forms of notice follow the Federal Judicial Center's recommended notices. The manner of disseminating notice was developed by Epiq, a recognized specialist in formulating class notice plans. This notice plan should be approved because it meets all of the requirements of Rule 23 and due process.

II.   THE NOTICE PLAN

The notice plan is robust and will potentially reach 45,855,000 people through targeted online dissemination. In accordance with the Northern District of California's Procedural Guidance for Class Action Settlements and to increase notice to Class Members, the notice plan also includes direct email and/or mail notice to Class Members that are identified by retailers' and Defendant's records. *See* N.D. Cal. Procedural Guidance for Class Action Settlements, § 3 ("The notice distribution plan should rely on U.S. mail, email, and/or social media as appropriate to achieve the best notice that is practicable under the circumstances …").

---

[1]   Woodstream has informed Plaintiffs that, while it does not oppose Plaintiffs' proposed notice plan and has reviewed this brief as to form, Woodstream does not adopt or concede any representation made herein, including as they relate to the merits of Plaintiffs' claims or the elements of class certification. Woodstream reserves its right to argue that class certification is improper in this case and is subject to further review by this Court or an appellate court, and reserves all arguments as to the merits of Plaintiffs' claims, whether individual or on behalf of the Class.

No less than four weeks from the date of the order granting approval of the notice plan, dissemination of notice will start and will continue over the course of approximately three weeks through a digital media campaign using a programmatic partner, which allows for multiple targeting layers and provides the greatest reach. The multiple targeting layers, which include both geographic targeting and category contextual targeting, will help ensure delivery to the most appropriate digital users. The digital notice messaging will utilize standard Interactive Advertising Bureau (IAB) sizes (728x90, 300x250, 300x600 & 970x250), and approximately 45,855,000 million impressions will be served. To target demographics of the Class, the online banner advertisements will focus on New York residents with interests in pest control and/or rodent control. Further, email and mail notice will be directly sent to those Class Members that are identified in retailers' and Defendant's records with a valid email address and/or associated mailing address.

Complementing these methods, the short-form and long form class notices, Complaint, Class Certification Order, and other important documents that the parties agree should be included will be available to view and download at www.PestchaserLawsuit.com, the case website created and maintained by the notice administrator. The case website will also be available in Spanish and will provide a telephone number for Class Members to contact Class Counsel for additional case information as well as a toll-free telephone number to call for additional information, listen to answers to FAQs, and request that a Long Form Notice be mailed to them.

### A.   The Form of the Proposed Notice Meets the Requirements of Rule 23(c)(2) and Due Process

Rule 23(c)(2)(B) and due process provides that for any class that has been certified under Rule 23(b)(3), that notice to absent class members be the "best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (internal quotation marks and citation omitted). Rule 23(c)(2) goes on to describe the general parameters for such notice; namely, that the notice:

> [C]learly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Plaintiffs' class notice proposal consists of a direct email notice (*see* **Exhibit A**), a direct mail (postcard) notice (*see* **Exhibit B**), and a long-form notice (*see* **Exhibit C**), modeled after and consistent with "The Federal Judicial Center's 'Illustrative' Forms of Class Action Notices."[2] In addition, the Internet banner notices (*see* **Exhibit D**), link the reader to a website maintained by the notice administrator where the long-form and short-form notices will be posted and available for download. The Federal Judicial Center explains the rational upon which Plaintiffs' class notice proposal is based:

> **Overview of methodology**
>
> We began this project by studying empirical research and commentary on the plain language drafting of legal documents. We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low. We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action." Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.
>
> We then tested the redrafted securities and products liability notices before focus groups composed of ordinary citizens from diverse backgrounds. This testing explored recipients' willingness to open and read a notice as well as their ability to comprehend and apply the information contained in a notice.

---

[2] *See* http://www.fjc.gov/ (last visited August 6, 2025).

00228955

> We tested the effectiveness of the redrafted securities notice by conducting a survey comparing the Center's redrafted illustrative plain language notice with the best comparable notice we could find from closed securities class action cases. Using objective comprehension measures, we found that participants who received the Center's plain language notice exhibited significantly higher comprehension than participants who received the comparison notice.
>
> In August 2001, we posted to the FJC Website the yet-again redrafted securities and products liability notices and requested public comments. We subsequently revised the notices' design and wording, incorporating comments and suggestions received and using the assistance of additional experts. In November 2003 we added the employment notices.
>
> \* \* \*
>
> **Notes for use by attorneys and judges**
>
> We designed the illustrative notice forms posted here to demonstrate ways that clear, simple, "plain" language and design can be used when drafting class action notices. In an actual case, attorneys and judges can adapt an illustrative notice to the unique factual, legal, and procedural circumstances of their case.

*Id.*

The form of Plaintiffs' class notice proposal is based on the Federal Judicial Center's notices and satisfies the requirements of Rule 23 and due process.

The proposed class notices clearly and concisely state, among other things, the nature of the action, the Class certified, the options available to Class Members, and when to exercise their rights. *See, e.g.*, Fed. R. Civ. P. 23 Advisory Committee Notes (2003) ("The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms."); *McDonald v. Ricardo's on the Beach*, No. CV 11-9366 PSG (MRWx), 2013 U.S. Dist. LEXIS 20241, at *1 (C.D. Cal. Feb. 13, 2013) (recognizing that a superior notice plan "closely models the exemplar offered by the Federal Judicial Center"); *Underwood v. Carpenters Pension Trust Fund*, No. 13-cv-14464, 2014 U.S. Dist. LEXIS 128543, at *28-29 (E.D. Mich. Sept. 15, 2014) (ordering that class counsel's notice plan "shall set forth proposed language for the notice and shall address the relevant checkpoints in the Federal Judicial

4

Center's Class Action Notice and Claims Process Checklist"); *In re Skechers Toning Shoe Prods. Liab. Litig.*, No. 3:11-MD-2308-TBR, 2012 U.S. Dist. LEXIS 113641, at *47 (W.D. Ky. Aug. 13, 2012) ("The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices."); *Flanagan v. Allstate Ins. Co.*, No. 01 C 1541, 2007 U.S. Dist. LEXIS 78619, at *3-4 (N.D. Ill. Oct. 18, 2007) ("We begin by adopting, generally, defendant's template, since it is taken directly from the Federal Justice Center's archive of sample Notice forms.... The remainder of our modifications ... draw[] from the structure of the FJC sample."); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, No. 06-cv-02069 SBA, 2008 U.S. Dist. LEXIS 109446, at *20-21 (N.D. Cal. May 2, 2008) ("The inclusion of plaintiffs' concise yet informative statement concerning Class Counsel's experience is consistent with Rule 23's notice requirements. Indeed, Plaintiffs' proposed language on Class Counsel's experience is identical to the language employed in the Federal Judicial Center's 'Illustrative' Form of Class Action Notice for Employment Discrimination cases. Accordingly, Wal-Mart's motion to include a statement in the notice, which asserts that Class Counsel have been determined by the Court to be adequate, is denied.") (footnote omitted).

    **B.**    **The Proposed Dissemination of the Notice Meets Requirements of Rule 23(c)(2) and Due Process**

The notice program includes sending emails or postcards directly to all Class Members identified by retailers' or Defendant's records. An estimated 93,000 direct notices will be sent. Ex. E, ¶ 22. For unidentifiable Class Members, publication notice is sufficient to satisfy the requirements of the due process clause and Rule 23. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Carlough v. Amchem Prods.*, 158 F.R.D. 314, 325 (E.D. Pa. 1993) ("For those whose names and addresses cannot be determined by reasonable efforts, notice

by publication will suffice under Rule 23(c)(2) and under the due process clause."). Due process does not require that all class members receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform the persons affected. *See, e.g.*, *Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Whether a notice dissemination plan is reasonable is a function of the notice plan's anticipated results and whether the plan is reasonable under the circumstances of the case:

> Receipt of actual notice by all class members is required neither by Rule 23 nor the Constitution. . . . What efforts are reasonable under the circumstances of the case rests initially in the sound discretion of the judge before whom the case is pending. . . . In all cases the Court should strike an appropriate balance between protecting class members and making Rule 23 workable.

*See* Manual for Complex Litigation, Second, § 30.211, at 223; *see also Silber v. Mabon*, 18 F.3d 1449, 1454 and n.3 (9th Cir. 1994) (citing *Stoller v. Baldwin-United Corp.*, 650 F. Supp. 341, 342-43 (S.D. Ohio 1986)).

The proposed means of dissemination will target Class Members through online publication and other outreach, which constitutes the best notice practicable under the circumstances. *See, e.g.*, *Johns v. Bayer Corp.*, No. 09cv1935 AJB (DHB), 2013 U.S. Dist. LEXIS 14933, at *4-6 (S.D. Cal. Feb. 1, 2013) (holding that online publication through banner advertisements, and a dedicated case website containing the class notices and relevant documents satisfied Rule 23 and due process); *In re Google Referrer Header Privacy Litig.*, 87 F. Supp. 3d 1122, 1129 (N.D. Cal. 2015) (holding that Internet-based notice using paid banner ads, online articles, a settlement website and a telephone line was the best practicable notice).

To disseminate and administer Plaintiffs' proposed notice, Plaintiffs have secured Epiq, a firm that specializes in the design and administration of class action notice programs. *See*

https://www.epiqglobal.com/en-us (last visited September 5, 2025). Plaintiffs attach as **Exhibit E** hereto a summary of the notice plan proposal by Epiq.

Specifically, Internet banner notices (**Exhibit D**) will be disseminated over an approximately three week campaign that will serve approximately 45.8 million digital impressions to the relevant users, including a target of New York adults with interests in pest control and/or rodent control. By clicking on the embedded banner notice, readers will be directly linked to the website created and administered by Epiq for this case: www.PestchaserLawsuit.com. The case website will post for reading and downloading the summary notice, the long form notice, the order granting class certification, the operative complaint, answers to frequently asked questions, and applicable deadlines.

### III. CONCLUSION

Plaintiffs submit that the proposed form, method, and scope of publishing the class notice as described above will provide adequate legal notice to Class Members under Rule 23(c)(2) and due process. Plaintiffs respectfully request that the Court grant this motion and approve Plaintiffs' class notice proposal, which is unopposed by Defendant.

Respectfully submitted,

Dated: October 17, 2025

BLOOD HURST & O'REARDON, LLP

By:  *s/ Timothy G. Blood*

Timothy G. Blood (*admitted pro hac vice*)
James M. Davis (*admitted pro hac vice*)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
jdavis@bholaw.com

BURSOR & FISHER, P.A.
Scott A. Bursor
Yitzchak Kopel

7

00228955

888 Seventh Avenue
New York, NY 10019
Tel: 646/837-7150
212/989-9163 (fax)
scott@bursor.com
ykopel@bursor.com

BURSOR & FISHER, P.A.
Stephen A. Beck (*admitted pro hac vice*)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: 305/330-5512
305/679-9006 (fax)
sbeck@bursor.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2025, a copy of the foregoing document was electronically filed with the United States District Court, Southern District of New York, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on October 17, 2025.

*s/ Timothy G. Blood*
Timothy G. Blood

00228955